MIED ProSe 1 (Rev 5/16)  Complaint for a Civil Case

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

Loren and Jennifer Pollack
Plaintiffs - Petitioners

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

v.

Estate of Sharon Quinn - David Naftaly PR

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Case: 2:25−cv−12310
Assigned To : Leitman, Matthew F.
Referral Judge: Grand, David R.
Assign. Date : 7/25/2025
Case No. Description: CMP POLLACK v QUINN (JP)
_____
*(to be filled in by the Clerk's Office)*

Jury Trial:    ☐ Yes   ☒ No
*(check one)*

## Complaint for a Civil Case

Plaintiffs Loren Pollack and Jennifer Pollack bring this action to compel arbitration pursuant to a written settlement agreement dated in 2021, which contains a binding arbitration clause. The agreement was signed by the now-deceased Sharon Quinn, acknowledged by both parties during litigation, and has been authenticated by a certified forensic document expert.

Plaintiffs repeatedly attempted to enforce the arbitration clause through filings in state court, including a Motion to Compel Arbitration under MCL 691.1681 et seq. and MCR 3.602, but were systematically denied a hearing or ruling. Despite multiple formal notices, filings, and mediation attempts, the state courts refused to address the arbitration agreement. Meanwhile, state proceedings have continued — including in appellate forums — in violation of Plaintiffs' rights under the Federal Arbitration Act and the U.S. Constitution.

No Appeals court has ever Ruled before this filing -

Plaintiffs further allege that Jennifer Pollack was denied notice and participation in key state court proceedings and trails, violating her rights under the Due Process Clause of the Fourteenth Amendment. Additionally, the defendants (including the Estate of Sharon Quinn, now represented by David Naftaly) withheld material evidence, including the arbitration agreement itself, and improperly continued litigation in contravention of the signed agreement.

Plaintiffs now seek to enforce the agreement under 9 U.S.C. § 4, to compel binding arbitration, and to stay all related state proceedings under the Supremacy Clause and the FAA. Plaintiffs also seek damages for the deprivation of constitutional rights, and for costs incurred due to the obstruction of arbitration.

Quinn is barred under the Deadman Statute and has never filed an Affidavit in the record.

MIED ProSe 1 (Rev 5/16)  Complaint for a Civil Case

I. The Parties to This Complaint

   A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Loren and Jennifer Pollack |
| Street Address | 5358 Pembrooke Crossing Court |
| City and County | West Bloomfield   Oakland |
| State and Zip Code | Michigan 48322 |
| Telephone Number | 248-622-0004 |
| E-mail Address | LorenPollack@gmail.com |

   B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Estate of Sharon Quinn - David Naftaly PR |
| Job or Title (if known) | C/O  Rod Dunlap (P37558) |
| Street Address | 37000 Grand River Ave   Suite 230 |
| City and County | Farmington Hills   Oakland |
| State and Zip Code | Michigan   48335 |
| Telephone Number | 248-474-4000 |
| E-mail Address (if known) | Info@Dunlaplawoffice.com |

Defendant No. 2

| | |
|---|---|
| Name | Estate of Sharon Quinn - David Naftaly PR |
| Job or Title (if known) | C/O   Justin Morgan (P82290) |
| Street Address | 8300 Hall RD  suite 100 D |
| City and County | Utica   Macomb |
| State and Zip Code | Michigan 48317 |
| Telephone Number | 248-422-1075 |
| E-mail Address (if known) | Justin@jbm-law.com |

2

MIED ProSe 1 (Rev 5/16)  Complaint for a Civil Case

Defendant No. 3

| | |
|---|---|
| Name | Estate of Sharon Quinn- David Naftaly |
| Job or Title (if known) | _____ |
| Street Address | _____ |
| City and County | _____ |
| State and Zip Code | _____ |
| Telephone Number | _____ |
| E-mail Address (if known) | _____ |

Defendant No. 4

| | |
|---|---|
| Name | _____ |
| Job or Title (if known) | _____ |
| Street Address | _____ |
| City and County | _____ |
| State and Zip Code | _____ |
| Telephone Number | _____ |
| E-mail Address (if known) | _____ |

**II.     Basis for Jurisdiction**

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction?  *(check all that apply)*

☒  Federal question            ☐  Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

MIED ProSe 1 (Rev 5/16)  Complaint for a Civil Case

    **A.**    **If the Basis for Jurisdiction Is a Federal Question**

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

Federal Arbitration Act, 9 U.S.C. § 4;
U.S. Constitution, Fourteenth Amendment — Due Process Clause;
Article VI, Clause 2 — Supremacy Clause of the U.S. Constitution;
Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1 (1983);
Southland Corp. v. Keating, 465 U.S. 1 (1984)

    **B.**    **If the Basis for Jurisdiction Is Diversity of Citizenship**

        1.    The Plaintiff(s)

            a.    If the plaintiff is an individual
The plaintiff, *(name)* _____,
is a citizen of the State of *(name)* _____.

            b.    If the plaintiff is a corporation
The plaintiff, *(name)* _____,
is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

        2.    The Defendant(s)

            a.    If the defendant is an individual
The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

            b.    If the defendant is a corporation
The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____. Or is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

4

3. The Amount in Controversy

The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain)*:

The amount in controversy exceeds $75,000. Plaintiffs seek to enforce a settlement agreement involving the transfer of real property, along with associated equity payments, escrow funds, and contract rights. Plaintiffs also seek damages for due process violations, suppression of evidence, and obstruction of arbitration, including compensatory and punitive relief exceeding $250,000. Over $250,000 has been Put in escrow in this case towards Equity Payments

III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

Plaintiffs Loren Pollack and Jennifer Pollack bring this action to compel arbitration pursuant to a written settlement agreement dated in 2021, which contains a binding arbitration clause. The agreement was signed by the now-deceased Sharon Quinn, acknowledged by both parties during litigation, and has been authenticated by a certified forensic document expert.

Plaintiffs repeatedly attempted to enforce the arbitration clause through filings in state court, including a Motion to Compel Arbitration under MCL 691.1681 et seq. and MCR 3.602, but were systematically denied a hearing or ruling. Despite multiple formal notices, filings, and mediation attempts, the state courts refused to address the arbitration agreement. Meanwhile, state proceedings have continued — including in appellate forums — in violation of Plaintiffs' rights under the Federal Arbitration Act and the U.S. Constitution.

No Appeals court has ever Ruled before this filing -

Plaintiffs further allege that Jennifer Pollack was denied notice and participation in key state court proceedings and trails, violating her rights under the Due Process Clause of the Fourteenth Amendment. Additionally, the defendants (including the Estate of Sharon Quinn, now represented by David Naftaly) withheld material evidence, including the arbitration agreement itself, and improperly continued litigation in contravention of the signed agreement.

Plaintiffs now seek to enforce the agreement under 9 U.S.C. § 4, to compel binding arbitration, and to stay all related state proceedings under the Supremacy Clause and the FAA. Plaintiffs also seek damages for the deprivation of constitutional rights, and for costs incurred due to the obstruction of arbitration.

Quinn is barred under the Deadman Statute and has never filed an Affidavit in the record.

5

**IV.** **Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Plaintiffs respectfully request the following relief:
1. An order compelling binding arbitration pursuant to the parties' signed 2021 settlement agreement under the Federal Arbitration Act, and staying all related state and bankruptcy proceedings during the pendency of arbitration;
2. A declaration that the settlement agreement, including its binding arbitration clause, is valid, enforceable, and governs the dispute between the parties;
3. Actual damages in an amount exceeding $250,000, not including:
    • The agreed $56,500 credit toward the purchase of the property;
    • Return of the $4,000 security deposit;
    • The value of Plaintiffs' equity contributions, escrow payments, and rent paid toward ownership;
    • Approximately $50,000 in out-of-pocket repair costs and capital improvements to the home;
    • Additional losses incurred due to the Estate's refusal to honor the agreement, including fees and expenses from unnecessary state court litigation;
4. Punitive and exemplary damages in the amount of $250,000 or more based on:
    • Fraudulent concealment of the signed agreement;
    • Bad faith litigation conduct, including the continued obstruction of arbitration;
    • Systematic exclusion of Plaintiff Jennifer Pollack from legal proceedings, in violation of her constitutional due process rights;
5. An award of costs and expenses incurred in bringing this action, including court filing fees, service and mailing expenses, and expert witness fees related to the authentication of the settlement agreement;
6. Such other and further relief as this Court deems just and proper.

**V.** **Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

    **A.** **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: __July 24_____, 20_25__.

Signature of Plaintiff     /s/ Loren Pollack   /s/ Jennifer Pollack
Printed Name of Plaintiff   __Loren and Jennifer Pollack in Pro per__

MIED ProSe 1 (Rev 5/16)  Complaint for a Civil Case

**Additional Information:**

Plaintiffs bring this action to enforce a written 2021 settlement agreement containing a binding arbitration clause requiring that all claims and disputes between the parties be resolved through private arbitration, and that any litigation be stayed. The agreement was personally signed by Sharon Quinn during her lifetime and has been authenticated by a certified forensic document expert. Quinn never filed an affidavit or denial of the agreement before her death as matter of fact Quinn admitted that Loren Pollack was happy with settlement during her only deposition.

Plaintiffs have continuously occupied and maintained the subject property for  15 years under a lease-to-own arrangement. During that time, they paid  significant equity contributions, property taxes, homeowners association dues, insurance, and made substantial capital improvements and repairs — all in reliance on the agreement and Quinn's repeated assurances of eventual ownership. Plaintiffs also paid a $4,000 security deposit and were credited $56,500 toward the final buyout price under the settlement that have YET to be credited or returned etc.

The parties have litigated prior issues before. Plaintiffs prevailed in two prior lawsuits, both of which ended in stipulated dismissals. As part of resolving the ongoing dispute, the parties agreed to a final settlement that included a binding arbitration clause specifically to prevent any future court proceedings over the same property of any issues of any kind. . Despite this, the Estate later concealed the existence of the agreement and continued litigation in multiple forums without disclosing or honoring its terms.

Quinn evaded service for months before the litigation.

It's important to note No court has ever ruled on Plaintiffs' motion to compel arbitration. Plaintiffs now invoke their rights under the Federal Arbitration Act and the Michigan Dead Man's Statute, MCL 600.2166, to compel arbitration, stay all related proceedings, and prevent the Estate from contradicting Quinn's signed agreement after her death.

Over 95% of Sharon Quinn's testimony in the record was presented through unsworn statements or summaries prepared by the Estate's attorneys. Quinn never filed an affidavit or denied the settlement agreement in her own voice — despite being alive and participating in litigation at the time. In contrast, Plaintiffs possess extensive, independently verifiable evidence, including: certified UPS letters proving notice and delivery; a signed and ratified settlement agreement; expert forensic analysis authenticating the document; deposition testimony; tape-recorded transcriptions of key discussions; and multiple firsthand witnesses. The Estate has provided no affidavit, no contrary expert opinion, and no admissible evidence disputing the agreement — and Quinn is now deceased. Under these circumstances, any posthumous attempt to contradict the agreement is both legally and evidentially barred.

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

I.(a)  **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use
   (b)  **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the
   (c)  **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.  **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here. United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box. Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

III.  **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

IV.  **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

V.  **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI.  **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

VII.  **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.  **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

(b) County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| | | | | [ ] 863 DIWC/DIWW (405(g)) | |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | [ ] 950 Constitutionality of State Statutes |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed? ☐ Yes ☐ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.) ☐ Yes ☐ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

Notes : _____