UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOREN POLLACK and
JENNIFER POLLACK,

    Plaintiffs,

v.

ESTATE OF SHARON QUINN,

    Defendant.

Case No. 25-cv-12310
Hon. Matthew F. Leitman

_____/

### ORDER (1) EXTENDING SUMMONS, (2) TERMINATING DEFENDANTS' CURRENTLY-PENDING MOTIONS WITHOUT PREJUDICE (ECF Nos. 5, 9, 10), AND (3) DIRECTING PLAINTIFFS TO SERVE COMPLAINT ON THE DEFENDANT

On July 25, 2025, Plaintiffs Loren and Jennifer Pollack filed this action against Defendant Estate of Sharon Quinn (the "Estate"). (*See* Compl., ECF No. 1.) The Pollacks seek to compel the Estate to arbitrate certain claims under Section 4 of the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 4, based on an arbitration provision included in a handwritten settlement agreement that the Pollacks executed with Sharon Quinn before her death. (*See id.*)

The Court reviewed the Pollacks' Complaint and concluded that there were serious questions about whether the Court had subject-matter jurisdiction over their claims. It therefore ordered the Pollacks to show cause why the Court should not

1

dismiss this action for lack of jurisdiction. (*See* Show Cause Order, ECF No. 11.) After the Pollacks responded to that order (*see* Resp., ECF No. 12), the Court issued a second order to show cause in which it again directed the Pollacks to explain why the Court should not dismiss their action for lack of jurisdiction. (*See* Sec. Show Cause Order, ECF No. 13.)  The Pollacks filed two responses to that order. (*See* Resps., ECF Nos. 14, 15.)

The Court continues to have questions regarding whether it has subject-matter jurisdiction over this action.  But to date, the Estate has not been served with the Complaint, nor has the Estate had an opportunity to weigh in on the jurisdictional questions that the Court has raised.  And the Court concludes that those questions would be best resolved with input from the Estate.

Accordingly, the Court (1) **EXTENDS** the summons in this action though **April 10, 2026**, and (2) **DIRECTS** the Pollacks to serve the Estate with the Complaint, summons, and a copy of this order.  Once the Pollacks have done so, they shall file a Certificate of Service on the docket of this action.  Once the Estate is served with the Complaint and appears in this action, the Court will convene a status conference with all parties to discuss next steps in this action, including but not limited to a schedule for additional briefing on the Court's jurisdictional questions.

Finally, because the Court has extended the summons and directed the Pollacks to serve the Estate with the Complaint, the Court **TERMINATES AS MOOT** the Pollacks' currently-pending motions for an extension of time to serve the Estate and to the extend the summons through December 7, 2025. (*See* Mots., ECF Nos. 9, 10.)  The Court also **TERMINATES** the Pollacks' motion to compel arbitration (*see* Mot., ECF No. 5) **WITHOUT PREJUDICE**.  The Pollacks may re-file that motion if the Court determines that it has subject-matter jurisdiction over this action.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  January 12, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 12, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126