UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOREN POLLACK and
JENNIFER POLLACK,

      Plaintiffs,                              Case No. 25-cv-12310
                                                Hon. Matthew F. Leitman

v.

ESTATE OF SHARON QUINN,

      Defendant.

_____/

## ORDER DISMISSING COMPLAINT (ECF No. 1) WITHOUT PREJUDICE FOR LACK OF SUBJECT-MATTER JURISDICTION

On July 25, 2025, Plaintiffs Loren and Jennifer Pollack filed this action against Defendant Estate of Sharon Quinn (the "Estate"). (*See* Compl., ECF No. 1.) The Pollocks seek to compel the Estate to arbitrate certain claims under Section 4 of the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 4, based on an arbitration provision included in a handwritten settlement agreement that the Pollacks executed with Sharon Quinn before her death. (*See id.*)

Shortly after the Pollacks filed their Complaint, the Court reviewed that pleading and concluded that there were serious questions about whether the Court had subject-matter jurisdiction over the Pollacks' claims. The Court therefore ordered the Pollacks to show cause why the Court should not dismiss this action for

1

lack of subject-matter jurisdiction (the "First Show Cause Order"). (*See* First Show Cause Order, ECF No. 11.)  The Pollacks filed their response to the First Show Cause Order on November 7, 2025. (*See* Resp., ECF No. 12.)  In that response, the Pollacks argued that while the FAA, standing alone, may not confer subject-matter jurisdiction on the Court, the Court should nonetheless find that subject-matter jurisdiction exists under the procedures described in *Vaden v. Discover Bank*, 556 U.S. 49 (2009).  In *Vaden*, the Supreme Court directed district courts to "'look through' [a motion to compel arbitration] and grant the requested relief if the court would have federal-question jurisdiction over the underlying controversy." *Id.* at 52. The Pollacks insisted that their underlying claims against the Estate arose under federal law because they "assert[ed] violations of [several] federal statutes," including the Truth in Lending Act, the Real Estate Settlement Procedures Act, the Equal Credit Opportunity Act, the Home Ownership and Equity Protection Act, and the Fair Housing Act. (Resp., ECF No. 12, PageID.467, 474.)

The Court was not persuaded that subject-matter jurisdiction existed based on the "look through" procedures described in *Vaden*.  The Court therefore issued a second order to show cause directing the Pollacks to provide additional legal authority supporting their assertion of federal jurisdiction (the "Second Show Cause Order"). (*See* Second Show Cause Order, ECF No. 13.)  The Pollacks then filed responses to that order. (*See* Resps., ECF Nos. 14, 15.)

On January 29, 2026, the Court held an on-the-record status conference in this action.  Loren Pollack appeared on behalf of the Pollacks.  During that conference, the Court explained to Mr. Pollack that while the Court appreciated the Pollacks' efforts to respond to the Court's show cause orders, the Court was still not persuaded that subject-matter jurisdiction existed over their claims.  And the Court explained, at length, the substance of the Court's concerns as to why subject-matter jurisdiction did not exist.  Finally, the Court said that the Pollacks could have one final opportunity to establish the Court's subject-matter jurisdiction.  The Court therefore directed the Pollacks to file a supplemental brief "(1) addressing the subjects that the Court identified during the status conference and (2) explaining why the federal statutes on which [the Pollacks'] purport[ed] to base their claims appl[ied] to the Estate and the transactions involved in this action." (Order, ECF No. 21.)

The Pollacks' supplemental brief was initially due on March 16, 2026. (*See id.*)  At the Pollacks' request, the Court twice extended the filing deadline for that brief. (*See* Orders, ECF Nos. 29, 31.)  The final, extended deadline for the Pollacks to file a supplemental brief was May 29, 2026. (*See* Order, ECF No. 31.)  The Pollacks did not file a supplemental brief by that date.  Nor have they contacted the Court to seek additional time to respond or filed a third motion to extend that deadline.

As the Court has previously explained, the Court is obligated to consider *sua sponte* in every action whether it has subject-matter jurisdiction and to dismiss an action if it lacks such jurisdiction. *See, e.g., In re Lewis*, 398 F.3d 735, 739 (6th Cir. 2005); *see also* Fed. Rule Civ. Proc. 12(h)(3).  "As the party requesting a federal forum, [the Pollacks] bear[] the burden of establishing federal jurisdiction." *Sliding and Insulation Co., Inc. v. Acuity Mut. Ins. Co.*, 754 F.3d 367, 369 (6th Cir. 2014).

Here, for all of the reasons explained in the First and Second Show Cause Orders, and the reasons explained in detail during the January 29 status conference, the Pollacks have not persuaded the Court that there is subject-matter jurisdiction over their claims under *Vaden* or under any other theory.  The Court therefore **DISMISSES** the Pollacks' Complaint **WITHOUT PREJUDICE** for lack of jurisdiction.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  June 16, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 16, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126

4